(36 Misc. Rep. 145.)

### McCANN v. THILEMANN et al.

(Supreme Court, Appellate Term. October, 1901.)

**1. Injury to Licensee.**

A person using a pathway across a vacant city lot, without the permission of the owner, but also without any objection from him, is a mere licensee, and is entitled to be protected only from wanton and willful injury.

**2. Same—Instructions.**

A licensee using a path across a vacant city lot sued certain contractors occupying the lot by permission of the owner to recover for injuries

caused by falling into a hole near the path. *Held*, that an instruction that he was obliged to take the path as he found it, and he could not hold the owner or the contractor to the exercise of any care, ordinary or otherwise, was improperly refused.

**8. SAME.**

A licensee using at night a path across a vacant city lot, which he knows building contractors are using as a place to anchor the guy ropes of the derricks, and injured, cannot recover damages from the contractor, as he assumed the risk.

Appeal from city court of New York, general term.

Action by Peter McCann against Frederick Thilemann and others. From a judgment of the general term (72 N. Y. Supp. 1117) affirming a judgment of the trial term entered on a verdict for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GILDER-SLEEVE, JJ.

Weeks, Battle & Marshall (H. Snowden Marshall, of counsel), for appellants.

Robert H. Ernst (Percy W. Crane and J. Aspinwall Hodge, Jr., of counsel), for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff to recover for personal injuries alleged to have been caused by the negligence of the defendants. The material facts in the case are as follows: The plaintiff, at the time of the accident, resided upon Cambrelling avenue, Manhattan, between 187th and 188th streets, in a brick house which had been there for seven or eight years. Directly on the south were three small frame houses. From the south-easterly corner of the last of these houses a path ran across a vacant lot to the southwest corner of 187th street and Belmont avenue. This path had been in general use by the public for at least five years prior to the day of the accident. This vacant lot had never been inclosed by a fence. The defendants were contractors employed by the city of New York to lay sewers in the streets around the block bounded northerly by 188th street, southerly by 187th street, easterly by Cambrelling avenue, and westerly by Belmont avenue. For the purpose of enabling them to carry on their work, they had obtained the permission of the owner of this vacant lot to use the same, and had erected a cement shed on the lot; and derricks had also been erected, the guy ropes of which had been extended to and anchored in the said lot. At the Belmont avenue end of the path a barricade had been placed, consisting of timber 26 feet long, and laid upon three barrels, for the purpose, as one witness testified, "to stop people from going through the lot, on account of such stuff there." The derricks of the defendants were moved from time to time as the work progressed. On the 8th day of August, 1899, the plaintiff went upon an excursion. He passed over the path across the vacant lot between 8 and 9 in the morning, and at that time he swears there was no hole in or near the path. He returned in the evening, and went first to his house, going up Cambrelling avenue; then he walked south, and, entering the easterly end of the path, started to cross the

vacant lot along the same, and went about 100 feet from the point of intersection of the path and the avenue, fell into a hole about 3 feet deep, and received the injuries complained of. There is some dispute as to the location of the hole in reference to the path, but it was apparently in or near the side of the path. No claim is made that this path was or formed any part of a public highway, nor that the public had used it by the express permission of the owner. The owner was sworn, and testified that it had been used by the public "without objection." The record shows that, after the trial judge had charged the jury, the following exceptions were taken by the defendants' counsel:

"Defendants' Counsel: I except to that portion of your honor's charge in which your honor states to the jury that they may say whether the plaintiff was invited by this permission to come on the pathway in question. I also except to that portion of your honor's charge in which your honor states that, if the owner has invited the plaintiff upon these premises, the owner would owe him ordinary care, for the reason that there is no evidence in this case of any invitation of any sort whatever. The Court: I did not bring in any subject as to an invitation by the defendants. I said the jury was to say from all the circumstances whether they might not imply an invitation from the owner of the residences and this plaintiff. Defendants' Counsel: I except to that, and ask your honor to charge that the plaintiff has used this path by the mere gratuitous permission of the owner, and that he was obliged to take the path as he found it, and could not hold the owner or these defendants standing in the place of the owner, to the exercise of any care, ordinary or otherwise."

This refusal by the court to charge as requested by the defendants' counsel was plainly error. "The habitual use of a footpath across the lot of the defendants for many years without objections warrants the finding of a license from the defendants to cross said lands by said footpath." Driscoll v. Cement Co., 37 N. Y. 637, 97 Am. Dec. 761. The plaintiff herein had no permission from the owner to use the path. He had no legal right to use it. The fact that he and others crossed "without objection" constituted him a mere licensee only. Neither was an implied invitation extended to him to cross by reason of the continued use thereof by the public. The failure to prohibit the use of the strip was not an invitation to use it. Galligan v. Manufacturing Co., 143 Mass. 527, 10 N. E. 171. "Permission * * * gives no right. If I avail myself of permission to cross a man's land, I do so by virtue of a license, not of a right. It is an abuse of language to call it a right. It is an excuse or license, so that the party cannot be treated as a trespasser." Martin, B., in 7 Hurl. & N. 745. "Where, however, one enters upon the premises of another as a mere licensee, without inducement or enticement, he does so at his own risk." Sterger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987, 16 L. R. A. 640, 28 Am. St. Rep. 594; Larmore v. Iron Co., 101 N. Y. 391, 4 N. E. 752, 54 Am. Rep. 718. "The inducement must be equivalent to an invitation, either expressed or implied. Mere permission is not sufficient." Carleton v. Steel Co., 99 Mass. 216; Railroad Co. v. Griffin, 100 Ind. 221, 50 Am. Rep. 783. In a case quite similar to the one at the bar the court said: "The deceased, at the time of his death, was upon the defendant's land without any invitation from the defendant, either expressed or implied, and without

legal right. Many other persons, it is true, were in the habit of passing over said land of their own notion, and for their own convenience, and it does not appear that any objection to their so doing was ever raised by the defendant; but these facts at the utmost only raise an implication of a license to the deceased, to do the same thing, but gave him no right beyond a mere licensee." Transit Co. v. Rourke, 10 Ill. App. 474. "A licensee who enters on premises by permission only, without any enticement, allurement, or inducement being held out to him by the owner or occupant, cannot recover damages for injuries caused by obstructions or pitfalls." Sweeny v. Railroad Co., 10 Allen, 368, 87 Am. Dec. 644. "A mere passive acquiescence by an owner or occupier in a certain use of his land by others involves no liability." Id. "He goes at his own risk, and enjoys the license subject to its concomitant perils." Hargreaves v. Deacon, 25 Mich. 1. "An open hole in the earth, which is not concealed otherwise than by the darkness of the night, is a danger which a mere licensee going upon the land must avoid at his peril." Reardon v. Thompson, 149 Mass. 267, 21 N. E. 369. This rule is subject to some qualifications,—such, for instance, as where the owner has set spring guns or other instruments of destruction upon his grounds without notice, or where dangerous pitfalls are so near a public highway that, combined with the ordinary incidents of travel, they result in injury to persons passing along the highway; but none of these exceptions apply to the case at bar. In Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175, cited by plaintiff's attorney, and relied upon by the general term in affirming the judgment herein, recovery was allowed because by use long continued the land where the accident occurred had been made for the time being a public place and a part of the highway. Morris v. Brown, 111 N. Y. 329, 18 N. E. 722, 7 Am. St. Rep. 751. The plaintiff's right, therefore, was to be protected from wanton and willful injury, but beyond this the defendants, who had express authority from the owner to make use of the lot for the purpose of their work, owed him no obligation. Downes v. Bridge Co., 41 App. Div. 339, 58 N. Y. Supp. 628. The refusal to charge as aforesaid was, therefore, error, and this alone would require the ordering of a new trial; but still another obstacle presents itself in the way of recovery by the plaintiff as the facts now stand upon the record. The testimony shows that the plaintiff knew that these defendants had been working around the lot for months. He had seen the derricks erected, and knew that the guy ropes extended into this vacant lot. He also knew that the derricks were moved from time to time, and that, when so moved, the said guy ropes were thrown into this lot, and anchored there. As he passed along this path on the morning of the accident he must necessarily have met with the barricade at the Belmont end of the avenue, and common observation would teach him its meaning; and at night, when he first entered the path on his way to meet his wife, he must have passed over a pile of loose rocks shown upon the diagram referred to in the evidence upon the trial and printed as part of the case upon appeal. It is thus apparent that the plaintiff was aware of the surroundings, and he took the risk of the situation and the chance of passing safely along the path.

He contributed by his own act in bringing about the accident for which he complains, and therefore cannot recover. Judgment of the general term of the city court and of the trial term of the city court reversed, and new trial ordered, with costs to the appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.