## CURRY v. ADDOMS.

(Supreme Court, Appellate Division, Second Department.   March 5, 1915.)

1. MASTER AND SERVANT (§ 88*)—INJURIES TO SERVANT.
     Where a janitress, engaged to perform duties similar to those of a do-
mestic servant, without the knowledge or consent of her employer en-
gaged plaintiff to assist her, the employer owes plaintiff no duty to main-
tain the premises in a safe condition, for, as the janitress was not acting
within the apparent scope of her authority, plaintiff was not even a li-
censee.
     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–
151;  Dec. Dig. § 88.*]

2. MASTER AND SERVANT (§ 88*)—INJURIES TO SERVANT—INDEPENDENT CON-
TRACTOR—"SUBCONTRACTOR."
     The janitress of buildings occupies the status of a servant, instead of an
independent contractor and, though employed to keep the premises clean
and collect the rent, she is not entitled to choose her own method of work;
hence plaintiff, who was employed by janitress to assist is not a "sub-
contractor," within Employers' Liability Act (Consol. Laws, c. 31) § 200,
to whom the owner is liable for injuries occasioned by defects in the ways,
works, machinery, etc.
     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–
151;  Dec. Dig. § 88.*
     For other definitions, see Words and Phrases, First and Second Series,
Subcontractor.]

Appeal from Trial Term, Kings County.

Action by Rosie Curry against Mortimer C. Addoms.   From a judg-
ment dismissing the complaint, plaintiff appeals.   Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-
TON, and PUTNAM, JJ.

George B. Keeler, of New York City, for appellant.
Clarence K. McGuire, of New York City, for respondent.

PER CURIAM.   Mrs. Finsley was the janitress of two of defend-
ant's houses and lived in one of them.   As the defendant testified, it
was her duty "to keep the premises clean and see that the ashes were
removed, collect the rents and return them to me, and report to me
the general condition of the house from time to time."   Mrs. Finsley
herself for many years had done all the work, but for the last five years
before the accident had hired somebody to help her, making payment
therefor herself, a matter of which the defendant had no knowledge.
The plaintiff herself was living in one of the houses, was so hired by the
janitress, and the compensation deducted from the rent; but the latter
made up the amount to the defendant without apprising him of the
arrangement.   The plaintiff, at about 7:30 in the evening, in June, was
carrying an ash barrel up a flight of stairs that led from the cellar to
the street, when, as she said, she placed her foot on the third step
"and there was only a heel hold, and I lost my balance and fell into
the cellar."   Her description of the step indicates that little of it was
left;  but a carpenter on the morning of the trial saw the steps, and

said that then they were in a fairly good condition and of reasonable width, although somewhat narrow in places.

[1, 2] The plaintiff's position is that the janitress was the defendant's authorized agent, or contractor, or that she was a licensee, and that the question of negligence should have been submitted to the jury. There is nothing from which it could be inferred that the janitress had express or apparent authority to employ the plaintiff, so as to impose upon the defendant a duty concerning her in the matter of the steps. If the plaintiff employed some one to help her, it was her own affair. It is also urged that under section 200 of the Employers' Liability Act the janitress was an independent contractor, and that the plaintiff became her subcontractor, and that the defendant is liable for any defect in the ways, works, machinery, or plant, etc. If Mrs. Finsley was an independent contractor, she was not the defendant's servant, and the rule of respondeat superior does not apply. It is therefore necessary to choose one relation or the other.

In the matter of duties her position was similar to that of a housekeeper, or domestic servant, to whom fall the innumerable small duties, indefinite and shifting in nature and variety, covering the fields of cleaning, sweeping, scrubbing, setting to right movable things gone awry, watching the various phenomena of disrepair and reporting them, with attentive mending of the fires and the disposition of ashes, meanwhile removed from the immediate eye of her master, but awaiting and obedient to his command as to the manner in which she should do his work, provided he exercise the right to interfere. As such a person she did indeed contract to do the work for a fixed sum; but in a legal sense she was not freed from the overruling will of the master, who of right could direct to what, and in what way, she should put her hand in work. Like an independent contractor, she promised to effect a result; but, unlike such a person, she was not legally free to choose her means of doing it.

It is not a question whether the master does leave his servant to choose her means and to direct herself in the matter of details, but whether he is bound to do so, or has the right to interpose his own methods, even to the point of caprice. An independent contractor dominates as to the means of accomplishing the work, binding himself to its achievement, while he remains in control of himself or his instrumentalities. Hexamer v. Webb, 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703. But the owner of the property is regarded as doing the work himself, when one does it for him under the guidance of his will and constrained by such directions as he may issue. The statute, by the term "independent contractor," means to indicate a person who, in the legal sense, is independent of the service of the person who employs him. In thought, in speech, and in matters of contract there is instinctively dissociated from such person the usual cleaners and caretakers of public or private buildings. The statute may in this case well be interpreted by customary estimate of the relations of one person to another. Moreover, it would be quite unfortunate to lift a janitress to the position of an independent contractor and thereby remove from the master the rule of respondeat superior, inasmuch

as upon her care in the matter of details the safety of tenants depends, and for the prudent doing of which the master is responsible.

It is also urged that the plaintiff was a licensee. If so, she must trace her license to the defendant; but as he knew nothing of her, and was not bound to do so, and as the janitress by her contract with her had no right to commit the defendant, he owed her no duty in the matter of the steps.

The judgment should be affirmed, with costs.