LOUIS DAMM, Appellant, *v.* FANNIE KOHN, Respondent.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Negligence — duties of janitor in tenement house — judgments — when verdict in favor of defendant reversed.

> The court may take judicial notice of the duties of a janitor of a tenement house.
>
> Where plaintiff at the request of his wife, the janitress of defendant's building, went to the roof to pour hot water down the leader pipe and while doing so caught his foot in a hole in a platform, he was neither a trespasser nor a bare licensee, but a licensee by invitation to whom defendant owed the duty of reasonable care, and the hole existing by reason of defendant's negligence a judgment dismissing the complaint upon setting aside a verdict in favor of plaintiff will be reversed and the verdict reinstated.

APPEAL by plaintiff from an order of the City Court of the city of New York setting aside a verdict in favor of plaintiff, and from the judgment dismissing the plaintiff's complaint.

Cohen, Haas & Schimmel (Isidore Cohen, of counsel), for appellant.

Carl Schurz Petrasch (Edward A. Carlin, of counsel), for respondent.

BIJUR, J. The action was brought to recover damages for injuries received by plaintiff under the following circumstances:

Plaintiff's wife was janitress of premises owned by the defendant. On the morning of the accident, the janitress having been made aware of the fact that the

roof was leaking, and having ascertained that it came from the fact that ice had accumulated about the leader-pipe, asked plaintiff to go up onto the roof and pour a kettleful of hot water down this pipe. Plaintiff complied with this request, and while doing so his foot was caught in a hole in a platform on the roof. This hole, both on the evidence and according to the verdict of the jury, was permitted to exist by reason of defendant's negligence.

It is sought to sustain the action of the learned judge below on several grounds: absence of contractual relationship between the parties to the action; that defendant owed plaintiff no duty as tenant in respect to the negligent condition of the platform; that the janitress had no authority to call upon any one to assist her in the discharge of any service which she could reasonably perform, and that plaintiff was a mere licensee (meaning, I take it, a bare licensee).

Apart from the fact that the duties of a janitor in a tenement house may be fairly viewed as a matter of which the court may take judicial notice, the janitress testified that she cleaned and swept the stairs, " and when sometimes it is too heavy, I take in a man that he should help me and pay him for that, etc." But without laying any stress on the force of this testimony, it seems to me to have been quite within the scope of her general work and agency to ask the plaintiff to assist her in the manner in which he did to the extent at least that he became thereby neither a trespasser nor a bare licensee, but in the exact sense of the word a licensee present by invitation, and that the duty owing to him was that of reasonable care, which was not discharged in the instant case. *Althorf* v. *Wolfe,* 22 N. Y. 355; *Grimshaw* v. *Lake Shore & M. S. R. R. Co.,* 205 id. 371.

Judgment and order reversed, and verdict reinstated with costs to appellant.

GUY and MULLAN, JJ., concur.

Judgment and order reversed, with costs to appellant.