[S. F. No. 7235. Department One.—November 23, 1917.]

## GERALD GIANNINI, a Minor, etc., Respondent, v. HENRY CAMPODONICO, Appellant.

NEGLIGENCE — PERSONAL INJURIES — TRESPASSER OR MERE LICENSEE— DUTY OF OWNER OF PROPERTY.—As against a mere trespasser or licensee, the owner of property owes no duty to keep the premises in safe condition.

ID.—DUTY OF OWNER AS TO ONE INVITED.—To one expressly or impliedly invited upon premises, the owner owes the duty to exercise due care not to injure him, or permit the premises to be in such condition that injury results.

ID.—UNAUTHORIZED INVITATION ON PREMISES.—A stableman performing only menial duties had no implied authority to delegate his work or engage another to assist him, and his request to a boy fourteen years old to clean the stable could not impose any additional duty on the owner.

ID.—PROMISE OF EMPLOYEE TO PAY ANOTHER FOR SERVICES.—A stableman's promise to pay a boy fourteen years old for cleaning a stable could not make such boy an invitee of the owner of the premises, nor could prior services of the boy raise such a relation, especially where the prior services were not brought home in any way to the owner.

ID.—ATTRACTIVE NUISANCE—STABLE.—A stable is not an attractive nuisance within the doctrine of the "turntable cases," merely because boys like to congregate in and around it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.    Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

Fred L. Dreher, for Appellant.

Arthur H. Barendt, for Respondent.

LAWLOR, J.—Plaintiff, through his guardian *ad litem,* brought this action to recover for personal injuries sustained while in a private stable of the defendant, and alleged to have been caused by the negligence of the defendant.    This is an appeal by the defendant from a judgment for plaintiff and from an order denying a new trial.

The evidence produced on behalf of the respondent shows that the plaintiff, Gerald Giannini, was fourteen years old and resided across the street from the stable owned by the defendant, who employed a colored stableman to take care of the horses and wagons and keep the stable in order.    On the morning of the accident respondent saw the stableman leaving in a buggy and at that time the stableman requested the boy to clean the stable during his absence and promised to pay him a nickel upon his return.    A small door which was part of a large sliding door was left open for the boy.    Subsequently the respondent and two other boys entered the stable and while respondent was on the premises the large sliding door fell, breaking respondent's leg and inflicting other injuries.    It appears that a large number of boys frequently congregated about the stable and at times went into the stable while the stableman was there, but at no other time did any of the boys enter while the stableman was away.    Upon several occasions respondent performed errands for the stableman at the latter's request and received some sort of remuneration.    It also appears that at times the stableman and the defendant himself would drive the boys away from the stable.    The door which fell down had previously been out of order and the stableman had attempted to remedy the

defect. At the close of the trial in the lower court, respondent, with leave of the court, amended his complaint to allege that the stable was attractive to children, presumably to bring the case within the rule of the ''turntable cases.''

Upon behalf of defendant evidence was produced to show that the stableman had not requested respondent to clean the stable and had not left the small door open for him, but that in fact respondent upon this occasion was a trespasser. The stableman also testified that he had never employed respondent to do any work about the stable, and defendant himself stated that whenever he saw any of the boys around the stable he drove them away. But disregarding the testimony advanced by defendant and looking only to the case as presented by the respondent, no ground for holding the defendant liable appears.

It is well settled that as against a trespasser or mere licensee the owner of property owes no duty to keep the premises in safe condition. The only duty is to abstain from willful or wanton injury. In other respects one who thus enters upon the premises does so at his own risk and subject to all the ordinary risks which attach to such premises. (*Means* v. *Southern California Ry. Co.*, 144 Cal. 473, [1 Ann. Cas. 206, 77 Pac. 1001]; *Kennedy* v. *Chase*, 119 Cal. 637, [63 Am. St. Rep. 153, 52 Pac. 33]; *Schmidt* v. *Bauer*, 80 Cal. 565, [5 L. R. A. 580, 22 Pac. 256].) It is only in the case of one who has been expressly or impliedly invited upon the premises that the duty exists to exercise due care not to injure him or permit the premises to be in such condition that injury results. (29 Cyc. 453.) The first question is whether the request of the stableman in this case is such an invitation as to render the respondent an invitee. Without regard to defendant's testimony that he forbade the stableman to permit anyone else to do the work about the stable, the facts themselves show that the duties of the stableman were of such a menial character that the position could not have carried with it the implied right to delegate the work or hire others to assist in the same. (See *Curry* v. *Addoms*, 166 App. Div. 433, [151 N. Y. Supp. 1017]; *Formall* v. *Standard Oil Co.*, 127 Mich. 496, [86 N. W. 946].) In fact, the duties were such that the stableman could very easily perform them without aid. It must therefore be held that the request to do the work was unauthorized and could not impose any additional

liability upon the defendant. The case last cited is one particularly applicable upon its facts, and there a like conclusion was reached. (See, also, *Nofsinger* v. *Goldman,* 122 Cal. 609, 616, [55 Pac. 425] ; *Clark* v. *Atchison, T. & S. F. R. Co.,* 164 Cal. 363, [128 Pac. 1032].)

Respondent seeks to bring this case within the rule announced in several decisions in other states, where it is held that one who at the unauthorized request of an employee performs a service in which the former or his employer is also interested, as a shipper's teamster putting a freight-car in place, that person occupies a middle position between a licensee and a servant and can hold the owner of the car for any injuries received. (See Thompson on Negligence, sec. 4986.) But there seems to be only one case (*Cleveland etc. R. Co.* v. *Marsh,* 63 Ohio St. 236, [52 L. R. A. 142, 58 N. E. 821]), where the mere payment for the service raises a sufficient interest in the work performed to bring the person within the above-mentioned rule. Without expressing any opinion upon the propriety of this rule in other cases, we cannot see how the mere payment by the unauthorized employee can change the relation of the employer to the third party from one of nonliability to one of liability. There are numerous cases which hold that a bystander who performs a service at the request of an employee who has no authority to make the request is as to the employer a mere volunteer, to whom the employer owes no duty to safeguard from negligence. (*McDaniel* v. *Highland Ave. R. Co.,* 90 Ala. 64 [8 South. 41] ; *Georgia etc. Ry. Co.* v. *Propst* (*Propst* v. *Georgia etc. Ry. Co.*), 83 Ala. 518, [3 South. 764] ; *Flower* v. *Pennsylvania R. Co.,* 69 Pa. St. 210, [8 Am. Rep. 251].) For the employee to pay the bystander for the work done can upon no basis of reasoning create a liability where none existed before. In the case at bar, therefore, the stableman's promise to pay respondent to clean the stable could not make the latter an invitee. Neither can prior services raise such a relation, especially where it is not pretended that they were brought home in any way to the defendant. The fact that respondent is a minor does not give him any greater rights under the circumstances. "That might excuse him from concurring negligence, but cannot supply the place of negligence on the part of the company, or confer an authority on one who has none. It may

excite our sympathy, but cannot create rights or duties which have no other foundation." (*Flower* v. *Pennsylvania R. Co, supra.*)

The only remaining question is whether the stable constitutes an "attractive nuisance" within the doctrine of the "turntable cases." That doctrine was adopted in this state in the case of *Barrett* v. *Southern Pacific Co.*, 91 Cal. 296, [25 Am. St. Rep. 186, 27 Pac. 666], and is usually applied to instances where the owner of land has erected upon it dangerous machinery, the consequences of meddling with which are not supposed to be fully comprehended by infant minds. In *Peters* v. *Bowman,* 115 Cal. 345, [56 Am. St. Rep. 106, 47 Pac. 113, 598], the rule was characterized as exceptional and "not to be carried beyond the class of cases to which it has been applied." This court, in *Cahill* v. *E. B. & A. L. Stone & Co.*, 153 Cal. 571, [19 L. R. A. (N. S.) 1094, 96 Pac. 84], applied the rule to a heavily loaded push-car which the defendant had allowed to stand upon tracks in a thickly populated district where small children were known to play upon this car, which had not been made fast, and being upon a downgrade, was used to ride upon by children, in the process of which one of them was injured. But the court in that case expressly rested the decision upon the ground that the car, situated as it was, was dangerous machinery peculiarly attractive to children, who might be injured in riding upon it, though not comprehending the danger involved. We have not such a case here. If a stable is an attractive nuisance merely because boys like to congregate in and around it, then any place where boys like to play comes within the same category, yet it is clear that such is not the law. (*Peters* v. *Bowman, supra; Loftus* v. *Dehail,* 133 Cal. 214, [65 Pac. 379].) Moreover, it is an essential ingredient of a cause of action to which the "turntable cases" doctrine applies that the minor should have been attracted to the premises by a childish curiosity and desire to play thereon. (*Union Stockyard etc. Co.* v. *Butler,* 92 Ill. App. 166.) In this case the reason for respondent's presence in the stable was the request of the stableman, and there is no pretense that upon this occasion the attraction of the stable had any influence whatever upon his visit there.

The result reached renders unnecessary any consideration of alleged errors urged by appellant.

For the reasons above given the judgment and order are reversed.

Shaw, J., and Sloss, J., concurred.