MICHAEL MARINO, Appellant, *v.* WILLIAM J. FARRELL, Respondent.

First Department, May 19, 1922.

Landlord and tenant — liability of landlord to invitee — action for injuries received while operating dumbwaiter in apartment house — plaintiff who lived with janitress and helped her with knowledge of defendant's agent was invitee and entitled to ordinary care.

The plaintiff, who was injured by the fall of a dumbwaiter in the apartment house of the defendant was an invitee and the defendant owed to him the duty of ordinary care while upon the premises, where it appeared that the plaintiff some four or five years before the accident told the janitress of the building that he had no home and the janitress permitted him to live with her family in exchange for his assistance to her in work around the building; that he was in the habit of helping the janitress to remove the garbage from the various apartments by means of the dumbwaiter; that the defendant's agent who had charge of the building and who visited the premises from time to time had full knowledge of the fact that the plaintiff was assisting the janitress in her duties and consented thereto, and that on one occasion the defendant's agent paid the plaintiff for services performed while the janitress was sick and on other occasions employed and paid him for work about the building.

CLARKE, P. J., dissents.

APPEAL by the plaintiff, Michael Marino, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of February, 1921, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case, and also from an order entered in said clerk's office on the 4th day of February, 1921, denying plaintiff's motion for a new trial made upon the minutes.

*Carmine A. Panaro* [*Frank Walling* of counsel], for the appellant.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the respondent.

GREENBAUM, J.:

The plaintiff was injured on April 12, 1919, by the fall of a dumbwaiter in the apartment house known as 128 West One Hundredth street, while in the cellar or basement of the premises engaged in operating the dumbwaiter for the purpose of removing garbage from certain upper apartments. There were four dumbwaiters installed for the convenience of the tenants for the delivery of groceries, supplies and removal of garbage. The evidence was that some two or three months before the dumbwaiter in question fell the defendant's janitress noticed that the middle rope, the one holding the dumbwaiter, was coming apart; and that within a few days thereafter she notified the agent who was in

charge of the building for defendant of the condition of the rope, and that he replied that he would have the matter attended to, and that up to the time of the accident it had not been fixed.

It also appeared that some four or five years before the accident plaintiff told the janitress that he had no home; and that out of sympathy for him she permitted him to live with her family; and that in exchange for the accommodations accorded him, he assisted her in work around the building. He was in the habit each evening of helping the janitress to remove the garbage from the various apartments. He usually worked two of the dumbwaiters while the janitress attended to the remaining two. It was also shown that the defendant's agent, one Brown, who had charge of the building and was in the habit of visiting the premises from time to time, was fully apprised of the fact that he was assisting the janitress in her duties about the house; and that, when he first saw the plaintiff, he inquired of the janitress who he was and was told that he was living with her and her husband and was helping her with her work; and that Brown replied: " Well, if he helps you around, all right. If not, you know what to do."

The testimony also established that on one occasion when the janitress was sick, Mr. Brown employed the plaintiff to attend to her work, for which he paid him; and that on other occasions he employed the plaintiff to do such work as cleaning the cellar and sweeping the roof, for which services he was specially paid by Brown. The janitress paid the plaintiff no wages for his services, which were rendered to her in consideration of his board and lodging. There is no claim made that the plaintiff was in the employ of the defendant or that he was within the provisions of the Workmen's Compensation Law. The theory of the plaintiff's case was that the plaintiff was a licensee on the premises as by invitation with the consent of the defendant.

Under section 248 of the Sanitary Code of the City of New York, being section 248 of chapter 20 of the Code of Ordinances of the City of New York, a duty is imposed upon the landlord to care for and cause the removal of garbage upon and from his premises. One of the uses of the dumbwaiters was for the removal of ashes and garbage. There can be no question but that, when the accident happened, the dumbwaiter was used by the plaintiff for one of its legitimate uses.

We have thus a situation in which the plaintiff was engaged in doing work for the benefit of the landlord, although not employed by him, but of which his general agent was aware and which he sanctioned. He was, therefore, lawfully using the dumbwaiters. He was not a trespasser; he was a licensee as upon invitation.

In *Damm* v. *Kohn* (98 Misc. Rep. 648) the husband of the janitress met with an accident due to the carelessness of the landlord who was held liable. It, in effect, presented the same situation as was here·established. The court in that case cited *Althorf* v. *Wolfe* (22 N. Y. 355) and *Grimshaw* v. *Lake Shore & M. S. R. Co.* (205 id. 371).

It is, however, proper to observe that those cases are not directly in point and might be readily distinguished from the instant case. In the *Althorf Case* (*supra*) the owner of a building was held liable for carelessness in the removal of snow from the roof of the house, resulting in injury to a passerby. In that case the person employed by the landlord to clear the roof of the snow procured some one to assist him without the knowledge of the defendant, and it was due to the negligence of the assistant that plaintiff was injured. The recovery was, therefore, had upon the theory that the defendant's employee was negligent in permitting some one else to assist him, and that the negligence of the assistant was imputable to the landlord.

In the *Grimshaw Case* (*supra*) a person was injured by a collision while riding on a locomotive with the permission of the engineer but without the consent or knowledge of the railroad company. That case was distinguished and explained in *Rolfe* v. *Hewitt* (227 N. Y. 486, 493, 494), where a chauffeur, contrary to the express instructions given by his employer, permitted the plaintiff's intestate to ride in his automobile. While thus riding the deceased met with his death by reason of the negligence of the defendant's chauffeur. A recovery was had in the trial in favor of the plaintiff. The appellate court reversed, among other reasons, upon the ground that the evidence did not disclose that the intestate at the time of the accident was in the car with the consent or knowledge of the defendant, and that as to the defendant he was not a licensee. It is very clear from a reading of the opinion that the determining factor in such cases is whether the injured person at the time of the accident was in the car or premises of the defendant, as the case may be, with the consent of the defendant owner.

The respondent relies upon *Curry* v. *Addoms* (166 App. Div. 433) as an authority that defendant owed no duty to plaintiff in respect of the dumbwaiter. In that case the accident happened through a defect in a step of a cellarway. It appeared that the plaintiff was hired by the janitress, but without the knowledge or consent of the defendant. The grounds upon which the plaintiff in the *Addoms* case relied were that the janitress was the defendant's authorized agent in employing the plaintiff, and that, therefore, the defendant

was derelict in his duty in not providing a reasonably safe place for the plaintiff to work. It was also claimed there that under section 200 of the Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], as amd. by Laws of 1910, chap. 352), known as the Employers' Liability Act,* the janitress was an independent contractor; that plaintiff became her subcontractor; that the defendant was liable for any defect in the ways, works, machinery or plant, etc., and that the plaintiff was a licensee. It was held that the janitress was not the agent of the defendant in employing the plaintiff, and further that she was not an independent contractor, and hence that the Employers' Liability Act did not apply.

In the instant case, however, the plaintiff did not sue upon the theory that the plaintiff was a subcontractor or that he was employed by the janitress as the authorized agent of the defendant, but upon the ground that his work in connection with the use of the dumbwaiters was performed with the sanction and knowledge of the defendant.

Upon the state of the proofs the defendant owed a duty of ordinary care towards the plaintiff as an invitee upon the premises.

The case should not have been dismissed. The judgment and order should be reversed and a new trial ordered, with costs and disbursements to the plaintiff to abide the event.

LAUGHLIN and SMITH, JJ., concur; MERRELL, J., concurs in result; CLARKE, P. J., dissents.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.

---

* Now Employers' Liability Law (Consol. Laws, chap. 74; Laws of 1921, chap. 121), § 2.— [REP.