[Civ. No. 10091. First Appellate District, Division Two.—July 15, 1936.]

HARRIET KIRKPATRICK, Respondent, v. N. P. DAMI-ANAKES et al., Appellants.

James H. Phillips and Cooley, Crowley & Supple for Appellants.

Jerome Politzer, George A. Connolly, James J. Harrington and C. D. McFarland for Respondent.

SPENCE, J.—This is an appeal by defendants from a judgment in favor of plaintiff in an action brought to recover damages for personal injuries sustained in an automobile accident.

It was alleged in the complaint that plaintiff was operating a sedan in a ''private street or alley'' when the defendant truck driver ''so negligently and carelessly operated'' a Dodge truck that it collided with the sedan and injured plaintiff. The answer denied any negligence or carelessness on the part of defendants and charged plaintiff with contributory negligence. There was practically no conflict in the evidence produced upon the trial. It was sufficient to sustain a judgment in favor of plaintiff if defendants were under a duty to exercise ordinary care toward plaintiff. On the other hand, it is apparently conceded that it was insufficient to sustain a judgment in favor of plaintiff if defendants were merely under a duty to refrain from wilfully or wantonly injuring plaintiff. In view of the points raised on this appeal, it becomes necessary to examine the status of the parties in order to determine the duty owed to plaintiff by defendants.

The territory upon which the accident occurred is referred to in the record as a private street, or alley or court. It is

part of a lot on the southeast corner of Market and Fifth Streets, which lot has a frontage of 275 feet on each of said streets. It is owned by the board of education of the city and county of San Francisco. Said board leased the entire property to the Wise Realty Company which in turn assigned the lease to the Lincoln Realty Company. The Market Street frontage is built up with stores which were subleased to various tenants. At the rear of said stores, and on the most southerly portion of said lot, is the private street, alley or court in question. Said private alley is approximately 39 feet wide and 275 feet in length. It is a blind alley running off Fifth Street and is used for loading and unloading by the tenants of said stores and persons dealing with said tenants. At the entrance to said private alley there is a concrete pillar located in about the center thereof and a few feet back from the property line. It has a metal post embedded in the pillar which supports a plainly visible sign reading ''Private Street—No Parking''. On the Fifth Street wall of the building at the left of the entrance of the alley is a very large sign reading ''Private Property—Freight Vehicles Only—No Parking''. On the alley wall of the building on the right of the entrance and a short distance back from Fifth Street is another large sign reading ''No Parking''. It appears that a chain is stretched from the concrete pillar to the building on either side of the alley at times but said chain was not so placed on the day of the accident in question. Said alley is paved for its entire width and there is no sidewalk or curb therein.

Defendant Mangini was driving the truck of defendant Damianakes, who was doing business under the name of California Peanut Company. That company did business with the F. W. Woolworth Company which was one of the tenants of the Lincoln Realty Company. On the day in question, defendant Mangini was preparing to make a delivery of goods to the Woolworth store at a loading platform in said private alley at the rear of said store. As he was slowly backing his truck toward said platform, the truck struck plaintiff's sedan. Shortly prior to the happening of the accident, plaintiff had driven her sedan down Fifth Street intending to turn into another street or alley for the purpose of parking. She turned into this private alley by mistake and did not notice the signs or learn of her mistake until she

was "over the sidewalk". She did not back out but drove to the end of the alley and turned around. It was while she was returning to Fifth Street that the accident occurred in this private alley.

There can be no doubt about plaintiff's status under the undisputed evidence. She entered upon the property of another without right and without any express or implied invitation or permission. She was not in the performance of any duty to the owner or tenants nor was she upon any business with the owner or tenants. She was driving for her own purposes and her own convenience and was given no express or implied assurance of safety from anyone when entering upon said private alley. She was therefore a trespasser. (45 C. J. 740.) The mere fact that she entered the private alley by mistake did not alter her status. As is said in a note in 41 A. L. R., at page 1430, "It seems to be the well-settled rule that one who, through mistake, enters on private premises, occupies the status of trespasser . . . " It is therefore clear that the only duty of the owner or tenant of the property was to abstain from wilfully or wantonly injuring plaintiff. (*Giannini* v. *Campodonico,* 176 Cal. 548 [169 Pac. 80].)

The status of defendants under the undisputed evidence appears equally clear. In addition to the stipulation of the parties that defendants had "a lawful and legal right to deliver its merchandise into this area in question", it appears without question that they were what may be termed business invitees. (*Spore* v. *Washington,* 96 Cal. App. 345 [274 Pac. 407] ; *Brown* v. *Pepperdine,* 53 Cal. App. 334 [200 Pac. 36] ; *Runyon* v. *City of Los Angeles,* 40 Cal. App. 383 [180 Pac. 837].) The question then remaining is whether defendants, as such business invitees, owed to plaintiff any duty higher than or different from the duty owed to plaintiff by the owner or tenants of the premises. In our opinion they did not but they stood in the same position as the owner or tenants toward persons who were trespassers. This view finds support in *Lindholm* v. *Northwestern Pacific R. R. Co.,* 79 Cal. App. 34 [248 Pac. 1033], involving an injury to a mere licensee, where the court said at page 40, "It was therefore using the same by right as against appellant's use thereof by sufferance, and, consequently, so far as the question of negligence is concerned, was clothed with the rights

of the owner and must be treated as such.'' (See, also, *Brust* v. *C. J. Kubach Co.*, 130 Cal. App. 152 [19 Pac. (2d) 845] ; *Waller* v. *Smith*, 116 Wash. 645 [200 Pac. 95] ; *Gordon* v. *Roberts*, 162 Cal. 506 [123 Pac. 288] ; *McCann* v. *Thilemann*, 36 Misc. 145 [72 N. Y. Supp. 1076] ; *Ross* v. *Becklenberg*, 209 Ill. App. 144 ; *Louisville Trust Co.* v. *Horn*, 209 Ky. 827 [273 S. W. 549] ; *Dudley* v. *Northampton Street Ry.*, 202 Mass. 443 [89 N. E. 25, 23 L. R. A. (N. S.) 561].)

■ Having thus disposed of the questions relating to the status of the parties under the undisputed evidence and of the question of the duty owing by defendants to plaintiff, we now come to appellant's points regarding alleged errors committed during the trial. When it appeared from respondent's testimony that she was not in the private alley on any express or implied invitation of the owner or any of the tenants, appellants sought to develop the evidence showing that she was a trespasser. This was done but there was considerable discussion between court and counsel during the course of the examination. The following occurred: ''Mr. Phillips. We want to establish the issue of trespasser, if your Honor please. Mr. Harrington. If your Honor please, what difference does it make in this case? The Court. Nothing to him. He was just as much a trespasser as she, if he was in there. If she was, he was.'' Thereafter the court stated in effect on more than one occasion that the only issue was whether appellants were guilty of negligence and whether respondent was guilty of contributory negligence. In the instructions to the jury, the trial court gave the ordinary instructions given in a personal injury case where each of the parties is under the duty of exercising ordinary care toward the other. It refused to give a series of instructions proposed by appellants upon the theory that the uncontradicted evidence showed that respondent was a trespasser and that appellants were under no duty toward respondent except to refrain from doing her wilful or wanton injury. The court indorsed upon each of the proposed instructions ''Refused. Not presented as required by Section 607a C. C. P. Deasy, Judge''.

Appellants contend that the remarks of the trial court during the trial and the refusal of the trial court to give the instructions mentioned constituted prejudicial error requiring a reversal. In our opinion this contention must be sus-

tained. From what has been said it appears that the undisputed evidence showed that respondent was a trespasser and that appellants were invitees. As soon as the evidence indicated these facts, appellants properly urged their defense. The trial court nevertheless, both by its remarks during the taking of testimony and by its instructions, submitted the case to the jury upon the theory that the parties each owed to the other the duty of exercising ordinary care. This was error which, under the circumstances, was necessarily prejudicial to appellants. ■ We may further state that in our opinion, appellants' instructions were presented within the time provided in section 607a of the Code of Civil Procedure. That section reads in part, "Thereafter, and before the court has commenced instructing the jury, and before the commencement of the argument, counsel may deliver to such judge or justice, and serve upon opposing counsel, additional proposed instructions to the jury upon questions of the law developed by the evidence and not disclosed by the pleadings. . . ." This was precisely the case here as the issue regarding respondent's status was not disclosed by the pleadings but was developed by the evidence. The proposed instructions were delivered to the court and served upon counsel within the time prescribed in the above quoted portion of said section and were improperly refused upon the ground specified by the court.

Respondent takes the position that even if she was a trespasser, appellants still owed her the duty of ordinary care. She cites and relies upon *Davoust* v. *City of Alameda,* 149 Cal. 69 [84 Pac. 760, 762, 9 Ann. Cas. 847, 5 L. R. A. (N. S.) 536], but neither that case nor any other case relied upon by respondent involved the question of the duty of an invitee toward a trespasser. In the Davoust case the court said, " . . . and the respondent, itself a mere trespasser, is in no position to raise the question as to what duty the owner of the land owes to a trespasser; moreover, she was not a mere trespasser, but a licensee". We are not here concerned with the question of the relative rights and duties when both parties are trespassers or licensees, but solely with the question of the duty of an invitee toward a trespasser.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 14, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 10, 1936.