[Civ. No. 8072.   Third Dist.   Mar. 5, 1952.]

IRENE P. HUME, Appellant, v. F. B. HART, Respondent.

Edward E. Craig for Appellant.

Elliott, Atkinson & Sitton for Respondent.

ADAMS, P. J.—Plaintiff brought this action, seeking damages for injuries suffered by her when she fell into a grease pit on defendant's premises, which premises were used by him for the purpose of selling and servicing trucks. At the conclusion of the trial, by the court without a jury, findings were filed which recite:

"That on the 8th day of November, 1949, and prior and subsequent thereto, defendants operated a used truck and sales lot on the Southeast corner of 16th and North 'C' Streets, in the City of Sacramento; that there was a grease pit located thereon used by defendants in the conduct of their business; that said lot was operated by defendants as a private enterprise; that there was no road, trail or path through or over said lot over which the public had travelled and no license or permission had been given, expressly or impliedly, to the public or any person to enter said lot, except those persons doing so on business with defendants during business hours; that said lot was covered by trucks and other vehicles which faced the adjoining streets, and any one entering the same from the 16th Street side would

be required to go between said trucks to get to the interior of said lot.

"That plaintiff attempted to traverse said lot in the early morning hours in the dark, to-wit: shortly after 2 a. m. of November 8, 1949, after having indulged in drinking intoxicating liquors during the evening and until she fell into said grease pit; that at the time plaintiff fell into said pit, it was partially covered by a truck, though the Court finds that it was not necessary for defendants with respect to plaintiff to place any guard over said pit.

"That said plaintiff was a trespasser and had no license or consent to enter said lot; that plaintiff through her own sole negligence entered the said lot and through her own sole negligence fell into said grease pit; that the defendants were not, nor were either of them, guilty of any negligence in any manner relating to or causing plaintiff's injury."

These findings are amply supported by the evidence.

Plaintiff has appealed from the judgment rendered for defendant. She concedes that she was a trespasser, but urges that nevertheless her presence on defendant's lot should have been anticipated by defendant and that he should have maintained a fence around his lot, kept same lighted, posted warning signs and refrained from maintaining the grease pit which she designates as a "pitfall" or "trap." Her own testimony shows that it was so dark that she could not see and that she had crossed the lot once before and knew of the grease pit.

In Prosser on Torts, page 610, the rule of law applicable to the case is stated as follows:

"The possessor of land has a legally protected interest in the exclusiveness of his possession. In general, no one has any right to enter without his consent, and he is free to fix the terms on which that consent will be given. Intruders who come without his permission have no right to demand that he provide them with a safe place to trespass, or that he protect them in their wrongful use of his property. When they enter where they have no right or privilege, the responsibility is theirs, and they assume the risk of what they may encounter, and are expected to look out for themselves."

Also see *Hamakawa* v. *Crescent Wharf & Warehouse Co.*, 4 Cal.2d 499, 501 [50 P.2d 803]; *Fernandez* v. *American Bridge Co.*, 104 Cal.App.2d 340, 345 [231 P.2d 548]; *Wilson* v. *City of Long Beach*, 71 Cal.App.2d 235, 238 [162 P.2d

658, 163 P.2d 501]; *Yamauchi* v. *O'Neill*, 38 Cal.App.2d 703, 709 [102 P.2d 365]; *Fernandez* v. *Consolidated Fisheries, Inc.*, 98 Cal.App.2d 91, 97 [219 P.2d 73]; *Kirkpatrick* v. *Damianakes*, 15 Cal.App.2d 446, 449 [59 P.2d 556]; *Giannini* v. *Campodonico*, 176 Cal. 548, 550 [169 P. 80]; *Puchta* v. *Rothman*, 99 Cal.App.2d 285, 291 [221 P.2d 744]; *Peters* v. *Bowman*, 115 Cal. 345, 348 [47 P. 113, 56 Am.St.Rep. 106].

Plaintiff's appeal borders on the frivolous. The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1952.