CROWN COAL COMPANY

V.

ABRAHAM HILES.

*Master and Servant—Negligence of Master—Improper Appliance—Personal Injuries.*

Where an employe suffers personal injury through the negligent construction of an appliance he is obliged to use, no notice of its condition to the employer is necessary in order to warrant a recovery.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

Mr. R. W. ROPIEQUET, for appellant.

Messrs. DILL & SCHAEFER, for appellee.

SAMPLE, J. Appellee, while shoveling slack coal under a coal-chute of appellant, was injured by a lump of coal which was precipitated over the side of the chute as the coal was dumped thereon. The negligence averred in the declaration is the improper construction of the chute, with the knowledge of appellant of its dangerous condition, and the ignorance of the appellee of such condition. It appears from the evidence that appellee was put at work under the chute the morning of the day of the accident, and was not informed of any danger attending his work there; that it was customary for the dumper, when the coal was emptied on the chute, to give warning by calling out, "Look out below;" that this warning was given at the time of the accident to appellee, but that he did not hear it; that this warning was given, not so much for the purpose of warning persons below of danger, as that they might get out of the way of the slack and little lumps that screened through and fell below; that the south side of the chute, over which the lump of coal that struck appellee, weighing thirty or forty pounds, was thrown, was

Crown Coal Co. v. Hiles.

only sixteen or seventeen inches high; that this was not of sufficient height is testified to by the mine inspector of the county of St. Clair, in which the appellant's mine is located, as well as by other witnesses; that lumps of coal occasionally fell over the chute on the south side, which is lower than the north side, is proven by one of the dumpers and not disputed by any one; there is evidence tending to show that the appellee did not work on that part of the slack coal pile as instructed, and that if he had, he would not have been in the way of the lump of coal that struck him, although this evidence on the part of the appellant is contradicted by the appellee. The jury rendered a verdict in favor of appellee for $250 damages, which was sustained by the court. The errors assigned that are argued are: That the verdict was contrary to the evidence, and that the court erred in modifying two instructions given for appellant. The evidence fully sustains the charge of negligence in the construction of the coal-chute, in which case it is not necessary to prove notice of its dangerous condition. Alexander v. Town of Mt. Sterling, 71 Ill. 369. In this case, however, it is considered that the appellant knew, by its officers, that lumps of coal did occasionally fall over the low side of the chute. The appellee testified that he did not know of such fact, and there is no evidence to show that he did. The fact that he had helped sink the shaft and had worked about the mine for a time, does not of itself prove, as against his positive statement, that he knew the condition of the chute, or that lumps of coal were liable to fall over the low side. There is no evidence tending to show that he had assisted in the construction of the chute, or had worked under the chute before the day of the accident. No one had informed him that lumps of coal occasionally fell over the side of the chute and to be on the lookout, and no lump of coal had fallen the day he worked there, so far as he knew, other than the one that injured him. The evidence does not show that his negligence contributed to the injury.

There was no error in the modification of the appellant's instructions. The judgment is affirmed.

*Judgment affirmed.*