MICHAEL J. SUGHRUE, administrator, *vs.* EDWARD S. BOOTH.

Suffolk.    December 5, 1918. — January 2, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* In unloading vessel, Toward one acting as custodian of vessel.

A master stevedore who has been employed by the owner of a vessel to unload her is bound to exercise reasonable care not to injure one who has been appointed custodian of the vessel by the United States marshal of the district and is lawfully on board of the vessel in that capacity.

TORT by the administrator of the estate of Daniel J. A'Hern, late of Boston, for conscious suffering of the plaintiff's intestate from an injury received on October 21, 1916, and for his death on November 7, 1916. Writ dated December 16, 1916.

In the Superior Court the case was tried before *Dana,* J. There was evidence that the defendant was a master stevedore who was performing a contract to unload a cargo of sugar from the steamship Gulfaxe at the wharf of the American Sugar Refining Company in the part of Boston called South Boston, that the plaintiff had been appointed by the United States marshal for the district of Massachusetts custodian of the vessel for the marshal and was on board of the vessel in the performance of his duties as such custodian, when he was struck by four bags of sugar, that were being hoisted by the defendant's servants from the deck of the vessel to the wharf, and was jammed against the rail of the vessel, sustaining the injuries which resulted in his death sixteen days later.

At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions, with a stipulation of the parties that, if this court "shall decide that the action of the

Superior Court in ordering the verdict was right, final judgment shall be entered for the defendant upon the verdict. If the decision . . . is that the [judge of the Superior Court] was wrong in directing a verdict . . . , judgment shall be entered for the plaintiff in the sum of $2,500."

*James J. McCarthy,* (M. *Bergman* with him,) for the plaintiff.

*E. C. Stone,* for the defendant, submitted a brief.

LORING, J. It is in effect conceded by the defendant that the plaintiff's intestate was killed by the negligence of the defendant's servants in unloading the cargo of the steamship Gulfaxe. The defendant has undertaken to uphold the ruling of the presiding judge on the ground that to make out liability for conscious suffering the plaintiff had to prove reckless and wanton misconduct on the part of the defendant's servants and that he had to prove gross negligence to make out liability for death.

At the time in question the Gulfaxe was in the custody of the United States marshal who had appointed the intestate his custodian. The defendant was a stevedore engaged in unloading the cargo of the steamship.

The defendant's contention as to the measure of the defendant's liability for conscious suffering is based on the assumption that the deceased was a licensee. But, if the deceased was a licensee of the owner of the Gulfaxe, that fact is immaterial in this action against the stevedore. *Boutlier* v. *Malden,* 226 Mass. 479. Even if the defendant had been the owner of the Gulfaxe and the intestate nothing but a licensee, the duty owed by the defendant in unloading the cargo would have been to use ordinary care. *Corrigan* v. *Union Sugar Refinery,* 98 Mass. 577. The truth is, however, that the defendant owed the intestate the duty of exercising due care in unloading the cargo for the same reason that one traveller on a public way owes another traveller on the way the duty of exercising due care not to injure him. In that case and in the case at bar both persons are rightly where they were. For the reasons stated the decision in *Kjaer & Isdahl* v. *Etier,* 222 Fed. Rep. 243, has nothing to do with the case at bar.

Since St. 1907, c. 375, amending R. L. c. 171, § 2, it is only necessary to show ordinary negligence to hold a defendant liable ·for the death of a·person in the position·of the plaintiff. We are

of opinion that the jury could have found that the intestate was in the exercise of due care.

It was stipulated that, if the presiding judge "was wrong in directing a verdict . . . , judgment shall be entered for the plaintiff in the sum of $2,500." That means that, if the plaintiff had a right to go to the jury on either count, judgment is to be entered for the plaintiff in the sum of $2,500. We are of opinion that the judge was wrong in case of both counts. It follows that judgment must be entered for the plaintiff in the sum of $2,500.

*So ordered.*