[Civ. No. 17356. Third Dist. Oct. 22, 1979.]

TIMOTHY O'SHEA, Plaintiff and Appellant, v.
CLAUDE C. WOOD COMPANY, Defendant and Respondent.

COUNSEL

Donald D. Boscoe and Marvin Marks for Plaintiff and Appellant.

Albert E. Cronin, Jr., for Defendant and Respondent.

## OPINION

**REYNOSO, J.**—We are called upon to interpret provisions of Civil Code section 846, which generally protects landowners from liability for injuries to recreational users of their land.[1] Specifically, the principal

---

[1]Civil Code section 846 provides: "An owner of any estate in real property owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose, except as provided in this section.

"A 'recreational purpose,' as used in this section, includes such activities as fishing, hunting, camping, water sports, hiking, spelunking, riding, including animal riding, snowmobiling, and all other types of vehicular riding, rock collecting, sightseeing, picnicking, nature study, nature contacting, recreational gardening, gleaning, winter

issue we face is this. Does an "estate in real property" within the meaning of that code section, include the temporary use of a stock pile area and the dirt piled upon it? The facts we outline below, convince us the owner of the dirt was a licensee who did not own an estate in real property. That conclusion, and the related procedural matters we discuss, causes us to reverse and remand.

Timothy O'Shea (plaintiff) appeals from an order granting a summary judgment in favor of Claude C. Wood Company (defendant).

Plaintiff's complaint[2] for personal injuries alleges that defendant owned a pile of dirt which it had placed upon land belonging to Grupe Development Company (Grupe), with the permission of Westmont Development Company (Westmont), Grupe's predecessor in interest. While plaintiff was riding his motorcycle across the land he drove off a "blind sheer end" of the pile of dirt and sustained severe bodily injuries. Defendant, according to the complaint, negligently and carelessly maintained the pile of dirt so that a dangerous condition was created to those who used the land.

In support of the motion for summary judgment defendant submitted two declarations by H. E. Baker, a vice president of the Claude C. Wood Company. Baker declared that defendant and Westmont had entered into an agreement whereby defendant agreed to remove dirt from property which Westmont was developing. As part of the agreement defendant was to have exclusive possession of sufficient property in the tract in which to

---

sports, and viewing or enjoying historical, archaeological, scenic, natural, or scientific sites.

"An owner of any estate in real property who gives permission to another for entry or use for the above purpose upon the premises does not thereby (a) extend any assurance that the premises are safe for such purpose, or (b) constitute the person to whom permission has been granted the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any injury to person or property caused by any act of such person to whom permission has been granted except as provided in this section.

"This section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; or (b) for injury suffered in any case where permission to enter for the above purpose was granted for a consideration other than the consideration, if any, paid to said landowner by the state, or where consideration has been received from others for the same purpose; or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner.

"Nothing in this section creates a duty of care or ground of liability for injury to person or property."

[2]Although plaintiff filed his complaint against Westmont Development Company and Grupe Development Company, as well as defendant Claude C. Wood Company, this appeal involves only the complaint against Claude C. Wood Company.

stockpile the dirt in the event that it could not dispose of the dirt prior to removal. Baker's supplemental declaration referred to defendant as "tenant in possession" of the property involved. It added that defendant did not invite plaintiff to enter the property, plaintiff had paid no fee for use of the property, defendant did not know that plaintiff was using the property, and defendant did not maliciously or willfully fail to warn plaintiff of danger in using the property.

In fact, by the written agreement defendant agreed to remove dirt from the "Beckman" property, where ponding basins were being excavated, and to pay a royalty per cubic yard of material removed. Westmont agreed to provide a temporary stockpile area on the property adjacent to the ponding area for excess dirt if defendant was not able to dispose of all of the dirt. Westmont agreed to provide routes for the necessary hauling. Defendant, in turn, agreed to hold Westmont harmless from any actions arising out of the transaction.

At the hearing on the motion for summary judgment counsel stipulated that the complaint be amended to state that defendant willfully and maliciously failed to guard or warn against a dangerous condition on the property. The court, in granting the motion for summary judgment, found that defendant was an owner of an estate in real property within the meaning of Civil Code section 846. In addition, the court found that the declarations of Baker established that there was no factual basis to support a finding of willful or malicious failure to guard or warn against a danger on the property.

1. *An Estate in Real Property—Civil Code Section 846*

Civil Code section 846 is an exception to the general rule that an owner is responsible for injury occasioned to another by want of ordinary care or skill in the management of his property. (See Civ. Code, § 1714.) It provides that an owner of an estate in real property owes no duty to persons entering or using the property for certain specified activities, including the type of vehicular riding we consider.

Since it was enacted in 1963, the courts have had occasion to consider Civil Code section 846. In *English* v. *Marin Mun. Water Dist.* (1977) 66 Cal.App.3d 725 [136 Cal.Rptr. 224], the court concluded that the amendments in 1970, 1971, 1972 and 1976, which added additional recreational uses to the landowner's immunity, are indicative of a legislative policy to reduce the growing tendency of landowners to withdraw land from recreational access by removing the risk of gratutious

tort liability that a landowner might run unless he could bar entry to his property for enumerated recreational uses. (*Id.*, at p. 731.) In *Lostritto* v. *Southern Pac. Transportation Co.* (1977) 73 Cal.App.3d 737 [140 Cal.Rptr. 905], the court upheld Civil Code section 846 against the plaintiff's allegation that the section violates equal protection of the laws. (*Id.*, at pp. 747-749.) The court observed "The Legislature probably decided not only that freedom of recreation should be encouraged, but also that it is unfair to permit claims for negligence in favor of persons who choose to enter the lands of others for the described activities." (*Id.*, at p. 749.)

The parties agree, as do we, that Civil Code section 846 provides immunity to the owner of an estate in real property for ordinary negligence to motorcycle riders. However, plaintiff maintains that defendant was not the owner of an *estate* in real property. Rather, plaintiff argues defendant's agreement with Westmont makes defendant a licensee only. Defendant, on the other hand, urges the view that the agreement created a tenancy, thus giving it an estate in the land.

■ The test in determining whether an agreement for the use of land is a lease or a license is this. If the contract gives exclusive possession of the premises against all the world, including the owner, it is a lease. If it merely confers a privilege to occupy under the owner it is a license. We deal with a question of law arising from the construction of the instrument. (*Von Goerlitz* v. *Turner* (1944) 65 Cal.App.2d 425, 429 [150 P.2d 278].) ■ " 'A tenancy involves an interest in the land passed to the tenant and a possession exclusive even of the landlord except as the lease permits his entry, and saving always the landlord's right to enter to demand rent or to make repairs. A mere permission to use land, dominion over it remaining in the owner and no interest in or exclusive possession of it being given, is but a license. . . . Such a person has not the possession of the land, this remaining in the licensor, and he has not, it seems, any interest in the land which he can assert as against a third person, that is, he has no rights in rem.' " (*Nahas* v. *Local 905, Retail Clerks Assn.* (1956) 144 Cal.App.2d 808, 820-821 [301 P.2d 932, 302 P.2d 829], quoting 1 Tiffany on Real Property (3d ed.) § 79, p. 117.)

■ The written agreement we consider was insufficient to establish a tenancy rather than a license. ■ No particular legal terminology is required in the making of a lease, but it is essential that the instrument show an intention to establish the relationship of landlord and tenant. (*Beckett* v. *City of Paris Dry Goods Co.* (1939) 14 Cal.2d 633, 636 [96 P.2d 122].) A lease must include a definite description of the property leased

and an agreement for rental to be paid at particular times during a specified term. Where one goes into possession of the premises under a contract containing an ambiguous or uncertain description of property to be occupied and pays the stipulated rent, it will be enforced as a lease if the parties acted upon it as relating to particular premises. (*Id.*, at p. 637.)

The agreement provides only for temporary stockpiling of the dirt defendant was to remove from Westmont's property. While a tenancy at will may be created without the reservation of rent, the absence of a provision for rent in the agreement tends to support plaintiff's contention that the use of the property by defendant was under a license and not under a tenancy. We must also consider that the specific area in which the dirt was to be stored is not specified in the agreement. Nor does the agreement purport to give defendant exclusive possession of the property. Further, the agreement does not indicate the intention to establish the relationship of landlord and tenant between defendant and Westmont. Quite to the contrary, the agreement provides that Westmont will furnish a temporary stockpile area only in the event defendant was unable to dispose of the dirt on removal from Westmont's adjacent property. The agreement expressly declares that "It is the intent of Claude C. Wood Co. to excavate and remove the dirt from the property at the earliest possible date." The agreement indicates only an accomodation by Westmont in return for having defendant remove the dirt from the adjacent property which Westmont was in the process of developing. A license, not a leasehold interest, was thereby created.

2. *Right of Possession as Against Plaintiff and Third Parties.*

The applicability of Civil Code section 846, however, is more complicated than the lease/license issue. That section provides an exemption from the general terms of Civil Code section 1714 for the owner of *any estate* in real property. The question of whether defendant had an interest in the land upon which it stored the dirt is not answered by the determination that it stored the dirt under a license. "Considering what may be done under a license, it is, like an easement, an *interest in land,* despite its revocable nature." (Italics in original.) (3 Witkin, Summary of Cal. Law (8th ed. 1973) § 381, pp. 2074-2075.) The issue then becomes whether, under the terms of the agreement, defendant had such an interest in the land upon which the dirt was stored as to be protected by Civil Code section 846.

Section 846 was enacted against the background of the common law of tort liability. At the time it was enacted, the courts were placing increased

liability on the owners of real property. (See *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].) That section thus represents a legislative determination that the owner or possessor remain immune from liability for negligence to persons entering the land for certain specified purposes. We include possessor as well as owner, for the common law applied to both. (*Id.*, at p. 113; 4 Witkin, Summary of Cal. Law (8th ed. 1974) §§ 567-569, pp. 2834-2836; Prosser, Torts (4th ed. 1971) p. 351 et seq.)

A possessor of land is one who is in occupation of the land with the intent to control it. (Rest.2d Torts, § 328E.) The limitation of liability provided to possessors of land under common law principles was not limited to the holder of legal title, but depended on the possessor's right to the property as compared with the injured party's right. Thus, the California Supreme Court, quoting from 45 Corpus Juris, at page 786, stated: " 'But ownership of the property trespassed upon is not an absolute test, for the rule of nonliability may be successfully invoked by one who, although not the owner of the property on which the injury occurred, had rights therein superior to those of the trespasser who was injured . . .' " (*Hamakawa* v. *Crescent Wharf etc. Co.* (1935) 4 Cal.2d 499, 503-504 [50 P.2d 803]; see also *Palmquist* v. *Mercer* (1954) 43 Cal.2d 92, 101 [272 P.2d 26].)

We believe that in enacting Civil Code section 846 the Legislature did not mean to disturb the common law rule of limited liability to possessors. The statutory limitation applies to those who have a possessory interest, which includes the right to exclusive occupation as against the injured user. This construction of the statute is in accord with the legislative purpose of encouraging such persons to leave the property open for recreational purposes. (See *Lostritto* v. *Southern Pac. Transportation Co.*, supra, 73 Cal.App.3d at p. 749; *English* v. *Marin Mun. Water Dist.*, supra, 66 Cal.App.3d at p. 731.) Pursuant to Civil Code section 846, defendant, although a licensee, owed no duty to plaintiff for simple negligence if it had the right to possession of the property in question as against plaintiff and other third persons.

Defendant, however, has failed to establish its right to possession against third persons. The trial court erred in determining that defendant was entitled to the protection of Civil Code section 846 as a matter of law. A triable issue of fact remained—was there a right of possession *as against plaintiff*? A licensee, as such, is not entitled to possession against third persons. The license may give him such possession (Rest., Property,

§ 521), but in a motion for summary judgment it is the moving party's duty to come forward. ■ "The summary judgment procedure is drastic and should be used with caution so that it does not become a substitute for an open trial. . . .'Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor . . . and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the. motion.' [Citations omitted.] ■ [¶] A defendant who moves for a summary judgment must prevail on the basis of his own affidavits and admissions made by the plaintiff, and unless the defendant's showing is sufficient, there is no burden on the plaintiff to file affidavits showing he has a cause of action or to even file counteraffidavits at all." (*Rowland* v. *Christian, supra,* 69 Cal.2d 108, at p. 111.) ■ Defendant's papers, as we have reviewed them, do not establish its right to possession against third persons. The trial court erred in determining that defendant was entitled to the protection of Civil Code section 846 as a matter of law. A triable issue of fact remained; did it have a right of possession as against plaintiff?

3. *Willful or Malicious Failure to Guard or Warn*

■ In ruling on the motion for summary judgment, the trial court stated that based upon the declaration filed by defendant there was no factual basis upon which a finding of willful or malicious failure to guard or warn against a dangerous condition could be supported. Under Code of Civil Procedure section 437c, paragraph 6, the court could enter an order that no substantial controversy exists as to this issue. Thus, even though defendant is not entitled to a summary judgment, we consider plaintiff's claim that the court erred on this matter.

Plaintiff concedes that if defendant is entitled to rely upon Civil Code section 846, the only possible basis for imposing liability under the facts of this case, would be upon willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity. (Civ. Code, § 846, par. 4.) ■ Willful or wanton misconduct is intentional wrongful conduct, done either with a knowledge that serious injury to another will probably result, or with a wanton and reckless disregard of the possible results. (*Lostritto* v. *Southern Pac. Transportation Co., supra,* 73 Cal.App.3d at p. 744.) ■ In his declaration in support of the motion for summary judgment H. E. Baker stated that defendant did not expressly invite plaintiff to enter the property and plaintiff did not pay any money or other consideration for the use of the property. He further

stated that defendant did not know that plaintiff was using the property and that it did not willfully or maliciously fail to warn him against any dangerous condition, use, structure or activity on the premises. Plaintiff did not file any papers disclosing any evidence which would contradict this declaration.

Willful misconduct or malice are not to be presumed. Baker's declaration that defendant did not know that plaintiff was using the property and that defendant did not willfully or maliciously fail to guard or warn plaintiff of danger was sufficient to negate willful or malicious conduct. In order for plaintiff to defeat the summary judgment motion it was necessary that he show only that there is some evidence which tends to show willful or malicious conduct. Plaintiff failed to make such a showing. On remand the trial court may properly enter an order that there is no substantial controversy on that issue, i.e., partial summary judgment.

The order of the San Joaquin County Superior Court granting summary judgment in favor of Claude C. Wood Company is reversed and the cause is remanded for further proceedings consistent with this opinion.[3]

Paras, Acting P. J., concurred.

**PARAS, Acting P. J.,** Concurring.—I have joined in the lead opinion and in its reasoning, but wish to point out a supplemental matter in connection with the comments contained in the last paragraph of section 2 thereof.

Two motions for summary judgment were filed concurrently, one by defendant Grupe Development Company (Grupe) and the second by defendant Claude C. Wood Company (Wood). Both were heard and granted at the same time. Grupe was the owner of the property, having purchased it from Westmont Development Company sometime after the agreement was made for the property's use by Wood. The Grupe motion was supported by two declarations of Douglas Unruh, a company officer, in which he expressly states that no permission was given to plaintiff to enter the property, and Grupe knew of no dangerous condition of the

---

[3]With respect to the concurring opinion, the author stresses that the affidavits would have to convince the trial judge that the licensee has the type of possession over the land which gives him the right to exclude plaintiff.

914

property before plaintiff's injury. Also he disavows any knowledge by Grupe that the property was being used by motorcycle riders for recreational purposes before the accident. The Wood motion is supported by two declarations of H. E. Baker, a company officer, one of which states that Wood did not invite plaintiff to enter the property and did not know he was using it for recreational purposes.

The Wood motion states that it is based upon its own points and authorities as well as the *points and authorities* offered in support of the Grupe motion. But it does not state that it is based upon the *declarations* which support the Grupe motion, and thus does not establish the exclusiveness of Wood's possession as against plaintiff. If the Unruh declarations had been incorporated (assuming no factual contradiction), that exclusiveness would have been established, for Unruh clearly states that Grupe gave no permission to plaintiff to be on the property, or to any third person except Wood; since Wood also negates any such permission to plaintiff, the declarations of both, considered together, establish that Wood's right to occupy was exclusive as against plaintiff who had no such right at all.

I point out the foregoing in order perhaps to shorten these proceedings, if the totality of the facts is indeed as contained in the referenced declarations. Obviously a further motion for summary judgment by Wood containing the missing information, unopposed (like the one before us) by contradictory factual matter, will result in a resolution of the case without trial.

EVANS, J., Concurring and Dissenting.—I concur in the result and agree that a question of fact exists as to the nature of the contract between defendants, Claude C. Wood Company and Grupe Development Company. The facts presented do not indicate what possessory rights defendant Wood had.

I dissent from that portion of the opinion that holds a licensee entitled to possession of land upon which an accident involving injury results is not entitled to the protection of Civil Code section 846. I base my dissent upon the reasons previously stated in my dissent in *Darr* v. *Lone Star Industries, Inc.* (1979) 94 Cal.App.3d 895 [157 Cal.Rptr. 90].

A petition for a rehearing was denied November 20, 1979. Evans, J., was of the opinion that the petition should be granted.