INDUSTRIAL COMMISSION, APPELLANT, *v.* WARREN ZONE CAB CO., INC., APPELLEE.

Common Pleas Court, Franklin County.

No. 209862.   Decided March 5, 1963.

216

*Mr. Wm. Saxbe,* attorney general, for appellee.

*Mr. Allan R. Larmi* and *Messrs. Vorys, Sater, Seymour & Pease, Mr. Herbert R. Brown,* of counsel, for appellant.

REYNOLDS, J. This case is before the Court on appeal from a ruling of the Industrial Commission of Ohio, holding that Warren Zone Cab Co., Inc. is an employer of labor amenable under the Workmen's Compensation Laws of Ohio and obligated to pay premiums due thereunder.

Appellant is in the business of operating a cab company with the drivers working under a special agreement with the company, by which agreement or arrangement appellant claims them to be independent contractors and not employees.

Following is the order of the Commission:

"The employer contends that the cab drivers are independent contractors and not employees. It is found that the contract between the employer and the drivers granted the employer such control over the activities of the drivers that the relationship is that of employer and employee and therefore the employer should pay premium on the payroll of these drivers and that the following premium is due."

The drivers, or at least a part of them, have other employment and rather irregular hours, working when it is convenient for them. They are not paid on a fixed basis but keep one-half of the money they take in and out of this they pay for the gaso-

line which they use. The company and each of the drivers have a written agreement, the form of which is as follows:

"This agreement made and concluded at      , Ohio, this      day of      , 19   , by and between            hereinafter called the Owner, and      of            Ohio, hereinafter called the Renter.

"WHEREAS, The Owner is engaged in the business of renting taxis for operation within the City of      and State of Ohio, and

"WHEREAS, the Renter is desirous of leasing one of said taxis for operation within said City,

"NOW THEREFORE, the Owner agrees to rent one of its vehicles to the Renter, when the same is available, upon the terms and conditions as follows:

"1. The Renter agrees as follows:

"2. The Renter agrees to return the taxi after each twelve (12) hour period to the Owner, or sooner, upon demand by the Owner.

"3. Renter agrees not to use said taxi in violation of any federal, state or municipal law, ordinance, rule or regulation.

"4. Renter agrees that the use of said vehicle shall be restricted to that of being operated as a taxi and shall be continuously in service during the twelve (12) hour period and shall not be removed from the City wherein said taxi company has a franchise to operate, without the consent of the Owner.

"5. It is expressly agreed that the Renter is not the agent, servant, or employee of the Owner in any manner whatsoever.

"6. Owner agrees to furnish radio service in conjunction with the operation of said vehicle and that Renter shall receive calls as other drivers do, in fair rotation.

"7. Renter agrees to charge rates as established by the proper governmental authority.

"8. Renter agrees to operate said vehicle in a safe and lawful manner; to conduct himself in a courteous manner towards passengers utilizing said vehicle; and to do no act that shall tend to destroy the good will of the company name and thereby impair the Owner from maintaining a fleet of vehicles that will be desirous of renting by other drivers.

"9. Renter agrees that Owner is not responsible for injuries sustained by the Renter as a result of the Renter's negli-

gence, the negligence of another, or, as a result of any accident.''

According to the record, a driver will report and inquire if the company has a cab available for him, and if one is available, he takes it and proceeds to work; if none is available he returns home.

A dispatcher service is maintained by some arrangement with the company, but it is neither owned nor operated by the company.

When a driver on duty is not busy or when he has delivered a fare, he calls the dispatcher to learn if there are any requests for taxi service, and if there are none or if he doesn't wish to accept what is offered, he drives around and, if he doesn't pick up a fare, goes to one of the three or four taxi stations that are made available by the city for that purpose. In the meantime the driver keeps in touch with the dispatcher so that he can be reached when there is a call for service.

This is for the mutual benefit of the company, the driver and the general public. It enables the dispatcher to locate available cabs, and affords customers prompt service, and by expediting business, makes more money both for the company and the driver. The fare is fixed by city ordinance and, as before stated, the driver's compensation is dependent entirely on his own efforts in connection with the dispatching service which guides him to prospective customers.

The company has no fixed rules as to how the drivers shall dress, other than they are supposed to be presentable.

It should be noted that both the United States Treasury Department and the Bureau of Unemployment Compensation determined that the relationship between the Cab Company and the cab drivers was not that of employer and employee.

Our own Court of Appeals has decided the question here presented in the case of *Davis* v. *Leach*, 115 Ohio App., 165, the syllabus of which reads as follows:

''A taxicab driver who leases a taxicab and dispatch service from a taxicab company is an independent contractor and not an employee of such taxicab company, and is not subject to the Unemployment Compensation Act (Chapter 4141, Revised Code), where, pursuant to such lease, he pays the lessor-owner fifty per cent 'of the fares collected in excess of the cost

of gasoline each day from the operation of said taxicab,' and where the lessor-owner exercises no control over the operation of the taxicab and the lessee-driver has no designated working hours, is not required by the lessor-owner to accept dispatched calls or keep any records and receives no compensation from the lessor-owner.''

The facts in that case are virtually the same as in this case.

Counsel for appellee cite numerous decisions from other states to support their position, but none of them is either controlling or persuasive in this jurisdiction. The case of *Pharr* v. *Tichenor*, 7 CCH Unemployment Reporter, in our own court is urged as being contrary to the *Davis case*, but it is to be noted that in that case the Court found ''that the evidence does not indicate that the driver is master of his own time or is master of his own efforts.''

The record in this case shows conclusively that the driver is the master of his own time.

Section 4141.01(2), paragraph (g), Revised Code, defines what employment does not include, as follows:

''Service performed for one or more principals by an individual who is compensated on a commission basis, who in the performance of the work is master of his own time and efforts, and whose remuneration is wholly dependent on the amount of effort he chooses to expend;''

The Court concludes that the drivers of appellant company are not employees but are independent contractors and that the decision of our own Court of Appeals in the *Davis case* is controlling.

The appeal is sustained and the decision of the Industrial Commission is reversed.