In the Matter of the Protest of American Exchange Bank, Collinsville, Oklahoma.

AMERICAN EXCHANGE BANK, Collinsville, Oklahoma, Plaintiff in Error,

v.

OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Defendant in Error.

No. 40288.

Supreme Court of Oklahoma.

Dec. 10, 1963.

Robert W. Raynolds, Tulsa, for plaintiff in error.

Milton R. Elliott, Oklahoma City, for defendant in error.

JOHNSON, Justice.

The parties will be referred to as they appeared below. The Oklahoma Employment Security Commission, defendant in error, will be called the Commission, and the American Exchange Bank, plaintiff in error, will be referred to as the Bank. The Oklahoma Employment Security Commission Act, 40 O.S.1961 § 211 et seq., will be referred to as the Act.

In 1953 and 1954 the Act provided that one who employed less than eight persons was not covered by the Act, but if eight or more were employed then the employer became subject to the Act and was liable for the tax or contribution on payroll wages required to be paid by the Act. Under the Act an individual losing his job had the right to ask for and be paid weekly state unemployment payments or benefits for a certain number of weeks during the time he is not employed, provided he works for a covered employer under the Act. The Commission is required to administer this Act and is a trustee for that purpose. As such, it must see to it that only those unemployed persons eligible and qualified under the Act are paid the unemployment benefits. It is incumbent upon the trustee to assess and collect from those who are obligated to pay the tax in order that the trust fund will remain solvent, and there will be enough on hand to pay the unemployment benefits to those entitled to those benefits.

The plaintiff in error Bank in 1952 had seven employees, including their janitor, Herman Hearn, who had been the bank's janitor for fifteen or twenty years. The Bank was therefore not under the Act. However, beginning with 1953 the Bank enlarged its premises and employed one more person. If Herman Hearn were continued as an employee in 1953, then the Bank would have eight employees and would become a covered employer in 1953. The Employment Commission, defendant in error, held that the Bank came within the Act and assessed the bank for the years 1953 and 1954 for the sum of $901.43. This assessment was sustained by the district court, and the Bank has appealed.

The controversy turns upon the status of one Herman Hearn, who entered into a contract to do the janitor work in the bank on the 7th day of January, 1953. It is the contention of the bank that Hearn was an independent contractor and not an employee, and, therefore, the Bank had only seven employees and did not come under the Act,

supra, and therefore the assessment was illegal.

Before discussing the evidence it might be well to consider the definition of an independent contractor and what elements are to be considered in determining whether the person involved was an employee or an independent contractor. In Mistletoe Express Service, Inc. v. Culp, Okl., 353 P.2d 9, we gave this definition:

"An independent contractor is one who engages to perform a certain service for another, according to his own method and manner, free from control and direction of his employer in all matters connected with the performance of the service, except as to the result thereof." (Syllabus 1.)

Therein we described the elements to be considered:

"From the above definition and cited authorities, we find that in the determination of whether the relationship between Wolfe and Mistletoe was that of a servant or independent contractor the many elements to be considered are: (1) the nature of the contract between the parties, whether written or oral; (2) the degree of control which by the agreement the employer may exercise on the details of the work or the independence enjoyed by the contractor or agent; (3) whether or not the one employed is engaged in a distinct occupation or business and whether he carries on such occupation or business for others; (4) whether the employer or the workman supplies the instrumentalities, tools and the place of work for the person doing the work; (5) the length of time for which the person is employed; (6) the method of payment, whether by the month or by the job; (7) whether or not the work is a part of the regular business of the employer; (8) whether or not the parties believe they are creating the relationship of master and servant; and (9) the right of either to terminate the relationship without liability."

Only one witness, Flanagan, the vice-president and cashier of the Bank, testified in the trial. The facts are therefore not in dispute. Herman Hearn had worked for the bank as janitor fifteen or twenty years and prior to January 7, 1953, was on the payroll of the bank as an employee. On January 7, 1953, Hearn made a written contract with the bank, a portion of which reads:

"This contract made and entered into this 7th day of January, 1953, by and between American Exchange Bank—Collinsville, Okla. and Herman Hearn as follows:

"Herman Hearn hereby agrees to take care of all janitor and general maintenance work for American Exchange Bank for the sum of $360.00 per year to be paid $30.00 per month. It is agreed that this work may be done at the convenience of Herman Hearn so long as it is properly taken care of to the satisfaction of American Exchange Bank."

Either party could terminate the contract at any time. The evidence disclosed that all of the tools and supplies necessary for the work to be done under the contract were furnished by and belonged to the bank; that Hearn did not maintain a place of business for his cleaning work, and that he performed the same character of duties after January, 1953 as he had performed before.

In the determination of the nature of the relationship from the above facts, we turn to the Oklahoma Federal case of King v. Southwestern Greyhound Lines, 10 Cir., 169 F.2d 497, wherein many of the elements affecting such determination are set forth.

"In the judicial process some courts have recognized as important, but inconclusive factors, the right to hire and discharge persons doing the work; the method and determination of the amount of payment; whether the person doing the work is employed in an independent business; whether the con-

tractee stands to make a profit on those working under him; which party furnishes the tools, materials and equipment; who has control of the premises where the work is done; whether either party may terminate the relationship without incurring liability to the other; the degree of control; the skill required; the freedom to determine one's own hours of work; the right to engage in other professional activity; the dependence upon one's own initiative, judgment and energy for success. * * *"

■ While no one of these elements might be conclusive, the presence of many is highly persuasive. Of those enumerated the following exist in the case at bar: (1) the right to discharge and terminate the contract; (2) the work had to be performed to the satisfaction of the bank; (3) Hearn was not in an independent business; (4) Hearn did not stand to make a profit on those working under him (there was none): (5) the bank furnished the tools and supplies; (6) the bank had control of the premises where the work was done; (7) no particular skill was required for the work.

The presence of these several elements should be conclusive even though any one of such elements standing alone might be insufficient. However, we have the additional factor that for many years Herman Hearn had been carried on the bank records as an employee, and there had been no change in the nature of his work.

Plaintiff in error cites no authority holding a janitor to be an independent contractor. However, our research has revealed cases to the contrary. Cases bearing upon the question are as follows: Curry v. Addoms, 166 A.D. 433, 151 N.Y.S. 1017; Hargis v. Wabash Rd. Co., (Ill. 7 Cir.,) 163 F.2d 608; and Nordman v. Calhoun, 332 Mich. 460, 51 N.W.2d 906. In this last cited case, supra, an unemployment compensation case was before the court. A janitor was the key person. If he were counted as an employee, then the employer

**644**

would have had the required number of employees and be a covered employer. Therein it was claimed, as here, that the janitor was an independent contractor. One of the points claimed by the employer was that there was no supervision of the work. The eighth editorial syllabus declared that the fact the employer did not find it necessary to exercise detailed supervision was not determinative of the issue. The tenth editorial syllabus reads:

"Where retired post office employee in order to augment his pension, did part-time janitor work at soda bar for $10 a week, and he also did odd jobs for other people at so much an hour, janitor was an 'employee' rather than an 'independent contractor,' and there was 'employment' within meaning of Unemployment Compensation Act, and janitor would be counted in determining whether owner of soda bar had sufficient number of employees to make him subject to the Act."

We think the case of First National Bank of Oxford v. Mississippi Unemployment Compensation Commission, (199 Miss. 97,) 23 So.2d 534, is much in point here. The first two paragraphs of the syllabus read:

"Where bank regularly employed janitor for wages on part-time basis, furnishing tools and supplies used by janitor, bank was not interested only in 'net result' of the employment, so as to establish that janitor was an 'independent contractor' and not an 'employee', within Unemployment Compensation Act, notwithstanding that under terms of the contract bank had no control over details of the work, and that during balance of the day janitor worked for another.

"Even where skill is required, if occupation is one which is ordinarily considered as a function of the regular members of the household or an incident of business establishment of employer there is an inference that actor is a servant."

We are impressed with the reasoning of the Mississippi Court and think it applicable to the case at bar.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., and WELCH, DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.