WHITE TOP AND SAFEWAY CAB COMPANY, et al. *v.* WRIGHT

No. 43329          February 8, 1965          171 So. 2d 510

*Daniel, Coker & Horton, John M. Roach,* Jackson, for appellants.

832

*J. A. Travis, Jr., L. K. Travis,* Jackson; *Glenn F. Manning,* Huntsville, Ala., for appellee.

LEE, C. J.

On the claim of Christopher C. Wright against White Top and Safeway Cab Company and its insurer, for

benefits under the Workmen's Compensation law, the attorney-referee, the facility of the Commission, awarded benefits as provided in the order. The Commission affirmed that action; and, on appeal, the circuit court affirmed. The Cab Company has appealed to this Court.

The question is whether the relationship between Wright and the Cab Company was that of employer and employee, or whether he was an independent contractor.

The statement of facts by both the appellants and the appellee show little, if any, difference in their respective versions. Both sides emphasize the evidence as it may happen to benefit their views of the controversy.

It is unnecessary to detail the facts item by item. It is sufficient to say that the appellants undertook to show, by reason of a written contract in 1958, under a so-called franchise basis, that there was no employer-employee relationship between the parties. They pointed out several slight differences. On the other hand, the claimant, by his evidence, showed that this francise basis was for only weekly periods, and that the claimant was not only subject to control under the contract, but that, in practice, he was actually controlled in his work in a number of instances: Wright was required to operate the same kind of car, the same kind of mechanical equipment thereon, furnished by the Cab Company, to wear the same kind of uniform, to receive his call for passengers from the same central point, to buy gas and oil from the company, and was subject to the same rules of conduct as all other drivers. True, he paid in advance a weekly rental for the franchise, together with other items; but, he could secure a substitute driver only on approval of the Company. So far as carrying on the taxicab business was concerned, Wright's participation therein was an *integral part of the business.*

In Wade v. Traxler Gravel Co., 232 Miss 592, 100 So. 2d 103 (1958), the relationship of a gravel hauler,

that is, whether he was an independent contractor, a servant, or an agent, was under consideration in order to determine his right to workmen's compensation benefits. The detailed statement of facts was set out, and the opinion at page 611 said: ". . . it cannot be doubted that the work which Wade and the other truckers performed constituted an integral part of the regular business of the company; and we think that it cannot be said that Wade and the other truckers, relative to Traxler, were engaged in an independent business or were rendering a professional service."

In Boyd v. Crosby Lbr. & Mfg. Co., 250 Miss. 433, 166 So. 2d 106, a log hauler case, this Court, after a full statement of the evidence as to the relationship between the mill operator and the log hauler, held, for workmen's compensation purposes, that the hauler was not an independent contractor. The Court pointed out that the work of the claimant was an *integral part of the company's production process*. The governing principles were tersely announced in the first three syllabi thereunder as follows:

"1. For workmen's compensation purposes, right to control details of work rather than overt exercise of such right, is primary test of whether person is independent contractor or employee.

"2. Weight to be given each of various factors pertaining to employee-contractor question in workmen's compensation case is ordinarily for trier of facts.

"3. Tests in analyzing employee-independent contractor question in workmen's compensation case are control test and relative nature of work test; latter relates to character of claimant's work or business and relation thereof to employer's business."

The Boyd opinion cited, among the many other authorities, First National Bank of Oxford v. Miss. Unemployment Compensation Comm., 199 Miss. 97, 106, 23 So. 2d 534 (1945), where a janitor, contracting to fur-

nish janitor service, was held to be in fact an employee and not an independent contractor under the unemployment compensation act.

In the case of Miss. Employment Security Comm. v. Logan, 248 Miss. 595, 159 So. 2d 802 (1964), it was contended that individual barbers, working under a written contract, were independent contractors. The opinion detailed the facts and pointed out that the barbers were subject to some control, the leases could be cancelled on ten days notice, and that the services, which they individually performed, were an integral part of that regular business.

The Wade, Boyd and Logan cases, *supra,* cited numerous authorities from this and other jurisdictions, together with text books, in documenting the principles there stated and reaffirmed.

Since the Court holds that Wright was not an independent contractor, it is apparent that he came within the purview of section 6998-02(4) Mississippi Code Annotated (1953).

But the appellants contend that there was no proper basis for determining the claimant's weekly wage. While the basis of the claimant's weekly wage was not dogmatically stated, it was sufficient to enable the commission, in conjunction with the provisions of section 6998-16 Mississippi Code Annotated (1953), to justify the determination of a fair and just wage and the award of benefits on that basis. Prince v. Nicholson, 229 Miss. 718, 91 So. 2d 734 (1957).

The cases of Fidelity & Casualty Co. of New York v. Windham, 209 Ga. 592, 74 S. E. 2d 835 (1953); Industrial Commission of Ohio v. Warren Zone Cab Co., Inc., 91 Abs. 215, 191 N. E. 2d 852 (1963); Davis Cabs, Inc. v. Leach, 115 Ohio App. 165, 184 N. E. 2d 444 (1962); Coviello v. Industrial Commission, 129 Ohio St. 589, 196 N. E. 661 (1935); and Rockefellow v. Industrial Com-

mission, 58 Utah 124, 197 P. 1038 (1921), cited by the appellants are not in point in this case. Some of these cases adopted the rule applicable to negligence in tort cases rather than the more liberal rule for workmen's compensation, in which negligence is not a condition precedent. Besides, the factual situation was different. In several of these cases, there was a total absence of control.

From which it follows that the award of the commission, as affirmed by the circuit court, must be approved and affirmed.

Affirmed.

*Ethridge, Rodgers, Patterson and Inzer, JJ.*, concur.