Ulyses **NESBIT**, Individually and d/b/a Friendly Cab Company, Appellant,

v.

Jesse **POWELL**, Appellee.

Supreme Court of Tennessee.

Dec. 5, 1977.

Jef Feibelman, Feuerstein, Feibelman & Kaminsky, Memphis, for appellant.

Walter Buford, Memphis, for appellee.

OPINION

HARBISON, Justice.

The only issue on the appeal of this workmen's compensation case is whether a taxicab driver was properly held to be an employee of the owner of the taxicab compa-

ny,[1] or whether he was an independent contractor. The trial court held that there was an employment relationship and awarded workmen's compensation benefits. We find material evidence to support this conclusion and affirm.

The driver of the taxicab, appellee, suffered total permanent disability when his cab was struck by another automobile. In a third party claim, he recovered the liability insurance policy limits from the operator of the other vehicle. Credit for that recovery has been applied against the workmen's compensation judgment pursuant to T.C.A. § 59–914. The taxicab driver was rendered quadriplegic as a result of spinal injuries suffered in the accident.

Appellant holds a franchise from the City of Memphis to operate a taxicab company, and he is the owner of a fleet of thirty-seven cabs. The name of the company and other information concerning the business are painted on the vehicles. All of the cabs are radio dispatched, and at the time of the accident in question appellee was driving his vehicle in response to a message from the dispatcher. While there is testimony in the record that the cab drivers are not required to answer calls from the dispatcher, such calls are an important source of passenger fares for most drivers. In addition, appellant holds contracts with certain firms in Memphis for the delivery of packages, and drivers of the various units usually make deliveries pursuant to calls from the dispatcher. All fares are prescribed by ordinances by the City of Memphis, and each driver collects his own fares and tips. He pays to appellant a fixed fee, or rental charge, for each shift and in addition usually purchases about three dollars worth of gasoline each day from pumps operated by appellant. These gasoline purchases are not mandatory but are customary. Appellant exercises some supervision over the operation of the cabs, and at one time he had a cab with the word "supervisor" painted on it. Appellant does not withhold income taxes or pay social security taxes on the drivers. He does supply oil for each vehicle, and his supervisors check cabs for cleanliness. It is the insistence of appellant that he is basically in the business or renting or leasing vehicles, and that the taxicab drivers are independent contractors.

While there have been no reported cases in this state on the subject, this insistence has been made in a number of other states with respect to the drivers of taxi cabs. The question has arisen in workmen's compensation cases and in other contexts, such as unemployment insurance or social security claims. While divergent results have been reached, usually dependent upon the particular facts and circumstances of each case, most of the more recent decisions involving workmen's compensation claims support the conclusion by the trial judge in the instant case that a relation of employer-employee exists between the holder of a taxicab franchise and the vehicle drivers. Some of the cases turn on factual aspects of the relationship, such as the right to control, right to terminate, etc., while others emphasize the fact that the holder of a taxicab franchise operates as a common carrier for hire and that the drivers are utilized by him in the conduct of a public franchise which may not be assigned or delegated.

In the recent case of *Morgan Cab Co. v. Industrial Comm'n,* 60 Ill.2d 92, 324 N.E.2d 425 (1975), the Supreme Court of Illinois affirmed a workmen's compensation award in favor of a taxicab driver on facts very similar to those in the present case. There the owner operated a fleet of some thirty taxicabs which were painted alike with the name and telephone number of the company on the doors. Each driver paid a fixed rental for a twelve-hour shift and purchased two dollars worth of gas each day from the company. Each driver was re-

by Ulyses Nesbit, operating under the business name of Friendly Cab Company. Joined as a defendant in the case was a purported corporation, Friendly Cab Company, Inc., and judgment was rendered against it as well as the proprietorship. There is no issue on appeal as

to this apparent discrepancy in the record, and it can be corrected by the trial court on remand, if material.

1. According to the testimony, the taxicab company was an individual proprietorship, owned

quired to pick up ten passengers daily on dispatcher's call. The owner did not withhold taxes or pay social security on the drivers, but was required to carry workmen's compensation insurance on them by the local Commissioner of Taxicabs. Although, as in the instant case, there were facts presented which were consistent with an independent contract relationship as well as with that of employer-employee, the Court affirmed the conclusion of the Industrial Commission that the cab driver was an employee, stating:

"Looking at all the evidence it is clear that Morgan was in the business of operating a fleet of cabs for public use; he was not in the business of simply leasing vehicles with no interest in their operation as taxis." 324 N.E.2d at 430.

See also Golosh v. Cherokee Cab Co., 226 Ga. 636, 176 S.E.2d 925 (1970), holding the issue to be factual and finding sufficient evidence to sustain a compensation award; see also Hannigan v. Goldfarb, 53 N.J.Super. 190, 147 A.2d 56 (1958).

In the present case there was no written agreement between the parties, but in a number of cases even written instruments have not precluded a finding that an employment relationship existed. Thus, in White Top and Safeway Cab Co. v. Wright, 251 Miss. 830, 171 So.2d 510 (1965), there was a written franchise providing for a weekly rental to be paid by the cab driver to the owner. Nevertheless the Court affirmed a workmen's compensation award in favor of an injured driver, and said:

"So far as carrying on the taxicab business was concerned, Wright's participation therein was an integral part of the business." 171 So.2d at 511.

In the case of Naseef v. Cord Inc., 90 N.J.Super. 135, 216 A.2d 413 (1966), there was a written agreement between the parties, including a provision that the state workmen's compensation statutes had no application to their relationship. Citing local ordinances which placed responsibility for the franchised operation on the owner, the Court held that the written agreement was unenforceable and affirmed an award of workmen's compensation to the driver of a cab.

A number of ordinances of the City of Memphis, regulating the taxicab business in that city, were filed in evidence in the present case. These ordinances forbid the operation of motor vehicles for the transportation of passengers for hire without a certificate of public convenience and necessity being held by the owner. In his application for such a certificate, the owner must give detailed information concerning his company, its location, the number of vehicles to be operated, etc. The certificate can only be issued to "the bona fide owner of the vehicle", and the business of carrying passengers for compensation "shall be carried on by the person to whom the certificate is issued under this article."

While the ordinances permit the holder of the certificate to enter into agreements with his drivers, fixing percentages of receipts or other specified sums to be paid to the certificate holder, the latter is responsible to third parties for negligence of the driver and for defects in the vehicle. The owner is required to carry liability insurance on the cabs, and his certificate may be revoked for violations of the various ordinances.

While there are some aspects of the relationship between appellant and his drivers which would be consistent with that of lessor and lessee, or owner and independent contractor, there is also evidence of a substantial right of control by appellant over the details of performance by each of the drivers. See Wooten Transports, Inc. v. Hunter, 535 S.W.2d 858 (Tenn.1976). In addition, appellant, not the drivers, is the holder and operator of the franchise, and the drivers are an indispensable part of that operation. Accordingly we find material evidence to support the conclusion of the trial court that an employment relationship existed, and its judgment is affirmed at the cost of appellant. The cause is remanded to the trial court for such further orders as may from time to time be necessary.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.